**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
SHELDON GOLDSTEIN,                           :
                                                :
                                                :     22 Civ.
                      Plaintiff,             :
            – against –                     :
                                                :     **Complaint and Jury Demand**
                                                :
MONTEFIORE MEDICAL CENTER and MATTHIAS :
EIKERMANN,                                 :
                                                :
                    Defendants.           :
------------------------------------- X

        Plaintiff, Sheldon Goldstein ("Plaintiff"), by and through his attorneys, Corey Stark PLLC, complains of defendants, Montefiore Medical Center ("Montefiore") and Matthias Eikermann ("Eikermann") ("Defendants"), and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

        1.     This is an action to recover damages for discrimination and harassment on the basis of disability in the terms, conditions, and privileges of employment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12010 *et seq.*, the New York Executive Law Section 290 *et seq.* (the "NYSHRL"), and the Administrative Code of the City of New York Section 8-107 *et seq.* (the "NYCHRL").

## JURISDICTION

        2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On July 27, 2022, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter"), which permitted Plaintiff to file a civil action within ninety (90) days of his receipt of the Right-to-sue Letter.

6. Plaintiff commenced this action within ninety (90) days of his receipt of the Right-to-sue Letter.

7. Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff is male.

9. At all times hereinafter mentioned Plaintiff was and still is a resident of the State of New York and the County of Bronx.

10. Plaintiff is a person who has a disability within the meaning of 42 U.S.C. Section 12102(2) in that he has a physical impairment, to wit: he suffers from chronic, severe obstructive sleep apnea.

11. Plaintiff is also a person with a disability within the meaning of the NYSHRL Section 292(21) and Article 8-102(16) of the NYCHRL in that the medical condition he suffers from is a physical impairment resulting from anatomical, physiological, genetic, or neurological conditions which prevent the exercise of normal bodily functions or is demonstrable by medically accepted clinical or laboratory diagnostic techniques as defined therein.

12. At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the ADA, the NYSHRL, and the NYCHRL.

13. Upon information and belief, Defendant Montefiore is a domestic not-for-profit corporation with its principal office located at 111 East 210th Street, Bronx, New York 10467.

14. At all times relevant herein Montefiore has employed over twenty (20) full-time employees and is an "employer" within the meaning of the ADA, the NYSHRL, and the NYCHRL.

15. At all times material herein Defendant Eikermann was the chairman of Anesthesiology at Montefiore and Plaintiff's supervisor.

16. Eikermann is an "employer" of Plaintiff under the NYCHRL and NYSHRL.

17. Eikermann actually participated in, and aided and abetted, the conduct giving rise to the discrimination and harassment.

18. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

**BACKGROUND AND DISABILITY DISCRIMINATION**

19. Plaintiff is licensed to practice medicine in New York, New Jersey, and Florida.

20. Plaintiff is board-certified in anesthesiology and internal medicine.

21. Plaintiff has a well-established career and over thirty (30) years of experience as an attending anesthesiologist.

22. In November 2013 Plaintiff commenced his employment by Defendant with the title or position of Attending Anesthesiologist and Associate Professor of Anesthesiology.

23. During the course of his employment by Montefiore Plaintiff performed his services competently, faithfully, diligently, and in an outstanding manner.

24. By 2020 Plaintiff had worked for Montefiore for approximately seven years and had worked very hard to qualify for a promotion to Associate Professor to Professor on the Clinician Educator Track.

25. In 2020 the Committee for Academic Promotions reviewed Plaintiff's application for advancement from Associate Professor to Professor on the Clinician Educator Track.

26. It was the primary assessment of the Committee for Academic Promotions, based upon the clinical educator checklist, that Plaintiff was well qualified for and close to a promotion but needed additional peer-reviewed publications to reach a total score of ten to receive the promotion.

27. The Committee for Academic Appointment identified a number of strengths in Plaintiff's application and committed to work with him to obtain the promotion.

28. After receiving the assessment of the Committee for Academic Promotions, Plaintiff exceeded the publication requirement by publishing six additional PubMed-referenced peer-reviewed publications and making various professional presentations.

29. In April 2021 Eikermann commenced his employment by Montefiore as the chairman of the Anesthesia Department and, therefore, Plaintiff's supervisor.

30. Shortly after becoming chairman of the Anesthesia Department, Eikermann directed that Plaintiff go on the rotation for overnight call.

31. Plaintiff requested an accommodation in the form of being excused from overnight call, explaining to Eikermann that he required a regular sleep-and-wake pattern on account of his chronic, severe obstructive sleep apnea.

32. Eikermann nevertheless insisted that Plaintiff go on overnight call, refusing to engage in the requisite interactive process so as to properly assess the accommodation Plaintiff had requested.

33. On July 1, 2021, Plaintiff's physician Michael J. Thorpy, M.D., wrote to Eikermann advising him that Plaintiff should not take overnight call due Plaintiff's chronic, severe obstructive sleep apnea and need for BiPAP therapy.

34. Over Eikermann's objection, Montefiore's Human Resources Department granted Plaintiff the accommodation of excusing him from overnight call.

35. After becoming aware of Plaintiff's disability and receiving his accommodation request, Defendants created, promoted, and maintained a pervasively hostile work environment and atmosphere.

36. Plaintiff faced harassment of such quality that a reasonable person, in the same circumstances, would find that the conditions of his employment had been altered and became intolerable.

37. Defendants altered the terms and conditions of Plaintiff's employment through multiple acts of disparate treatment motivated by disability discrimination, which included, but were not limited to, the following:

   a) Eikermann excluding Plaintiff from consideration for a promotion from Associate Professor to Professor even though Plaintiff had written a total of sixteen qualifying publications at that time;

   b) Eikermann *boasting* to Plaintiff that he had excluded Plaintiff from consideration for a promotion from Associate Professor to Professor;

   c) Eikermann implementing rules that applied only to Plaintiff;

   d) Eikermann repeatedly requesting special assessments of Plaintiff's successful cases while ignoring problem cases and errors made by Plaintiff's similarly-situated comparators who were not disabled and had not requested accommodation;

   e) Eikermann insisting that Plaintiff work overnight call despite the latter's disability;

   f) Eikermann regularly commenting negatively about Plaintiff in the presence of others;

g)  Eikermann regularly advising Plaintiff that he was searching for a basis to terminate his employment;

h)  Eikermann preventing Plaintiff from speaking during grand rounds while permitting Plaintiff's similarly-situated comparators who were not disabled and had not requested an accommodation to speak freely; and

i)  Eikermann telling Plaintiff he was not permitted to make complaints to Montefiore's Human Resources Department.

38. Eikermann had purposely created an intolerable work atmosphere to make Plaintiff feel compelled to resign.

39. On February 13, 2022, Plaintiff resigned involuntarily because the pervasive discrimination and hostile work environment had become intolerable and was causing problems with his health.

## AS AND FOR A FIRST COUNT

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "39" inclusive with the same force and effect as if fully set forth at length herein.

41. Montefiore unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment on the basis of his disability and by refusing a reasonable accommodation. By reason thereof, Montefiore has violated 42 U.S.C. Section 12010 *et seq*.

42. As a direct and proximate result of Montefiore's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere and suffers from physical manifestations, which were brought about by virtue

of Monetfiore's systematic and continuous unlawful harassment and multiple discriminatory practices.

43. As a direct and proximate result of Montefiore's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SECOND COUNT

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "39" inclusive with the same force and effect as if fully set forth at length herein.

45. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his disability and by refusing a reasonable accommodation. By reason thereof, Defendants have violated the NYSHRL.

46. As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

47. As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A THIRD COUNT

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "39" inclusive with the same force and effect as if fully set forth at length herein.

49. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his disability. By reason thereof, Defendants have violated the NYCHRL.

50. As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

51. As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) for all forms of relief recoverable under the statutes sued hereunder including back pay, front pay, and compensatory damages for emotional and physical pain and suffering;

(b) for an award of statutory attorneys' fees;

(c) for punitive damages;

(d) for an award of costs;

(e) together with interest and such further and additional relief as the Court deems just and proper.

COREY STARK PLLC

/s/
By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      August 8, 2022

                                COREY STARK PLLC

                                /s/_____
                                By: Corey Stark (CS-3897)
                                *Attorneys for Plaintiff*
                                110 East 59th Street, 22nd Floor
                                New York, New York 10022
                                (212) 324-3705