USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/13/2023__

UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELDON GOLDSTEIN
      Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER and
MATTHIAS EIKERMANN ,
      Defendants.

Case No. 22-cv-06723 (AT)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT AND ORDER**

  **IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the parties as follows:

  1. This Order shall apply to any documents or information that Plaintiff Sheldon Goldstein ("Plaintiff") and/or Montefiore Medical Center ("Montefiore") and/or Dr. Matthias Eikermann (together with Montefiore, "Defendants", and Defendants together with Plaintiff, the "Parties") provide during discovery in this action (the "Action") and designate as "Confidential" or "Confidential For Attorney's Eyes Only."

  2. Documents and information that may be designated as "Confidential" for the purposes of this Action shall include but are not limited to Montefiore's policies and procedures; compensation and benefits information; disciplinary and termination records; performance evaluations and all other personnel information of third-parties; any information of a personal or intimate nature regarding any individual, including but not limited to, Plaintiff's personnel and medical records, the personal and medical records of any other current or former Montefiore employee, and information or documents that contain, reflect or pertain to personal information of any Montefiore employee; internal investigations undertaken by Montefiore, patient information, information protected from disclosure by HIPAA, information protected from disclosure by New

York Public Health Law Section 2805-m, and all communications involving any of the foregoing areas ("Confidential Material").

3. The Parties shall act in good faith in designating documents or information hereunder as Confidential Material. This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories. The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding. It is agreed and understood by Plaintiff and Defendants that such documents and/or information may contain highly confidential and/or proprietary information.

4. All materials designated as Confidential Material shall be clearly marked "Confidential" or "Confidential For Attorney's Eyes Only" on the face of the document.

5. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the material as Confidential.

7. Materials marked "Confidential" pursuant hereto and their contents shall be used solely for purposes of the Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

> (a) Counsel of record for the Parties, and the paralegal, clerical and secretarial staffs employed by such counsel only to the extent necessary to render professional services in this Action;

(b) Counsel for the respective Parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(c) Plaintiff;

(d) Defendants;

(e) Any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this Action;

(f) Jurors;

(g) Employees of Montefiore who Montefiore determines have a need to know the materials, or who may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

(h) Experts and consultants retained by counsel for the Parties in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

(i) Subpoenaed witnesses, witnesses noticed for deposition, and potential witnesses, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts.

8. Prior to disclosure by the Parties or their attorneys of any Confidential Material to any person referred to in paragraphs 4(g) through 4(i) of this Order, counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as Exhibit A.

9. Materials marked "Confidential For Attorneys Only" pursuant hereto and their contents shall be used solely for the purposes of the Action and not for any other purpose, and

shall not be disseminated by counsel for the non-producing Party in any manner, orally or in written form, to anyone other than:

 (a) Counsel of record for the non-producing Party, and the paralegal, clerical and secretarial staffs employed by such counsel only to the extent necessary to render professional services in this Action.

 10. All records containing Confidential Material provided by either party or by a third party shall also be covered by this Order and be deemed "Confidential." This Order does not substitute for or limit any obligation imposed on the Parties by HIPAA or by New York Public Health Law, Section 2805-m.

 11. Before filing Confidential Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Material ("Confidential Court Submission"), the Filing Party must notify the Party who designated same as "Confidential" or "Confidential For Attorney's Eyes Only" ("Designating Party") that it intends to file the Confidential Court Submission and provide Designating Party with a copy of the Confidential Court Submission. If within three (3) business days of such notification, the Designating Party advises the Filing Party that the Confidential Court Submission must be filed under seal, the Filing Party shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Filing Party also shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Filing Party shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. If the Designating Party does not timely request that the Confidential Court Submission be filed under seal, the Filing Party shall file an unredacted copy of the Confidential Court Submission via the Electronic Case Filing System. No documents or information filed under seal shall be made

available to third parties or the public, except by further order of this Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

12. All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

13. The Parties may object to the designation of any document or information as "Confidential" or "Confidential For Attorney's Eyes Only" by presenting a motion to the Court for an *in camera* inspection and/or a determination regarding confidentiality within 30 days after having received it. Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

14. This Order shall not prejudice in any way the right of a party to: (a) object to the production of documents or information it considers not subject to discovery; (b) seek a court determination of whether particular discovery material should be produced; (c) object to the introduction into evidence of any documents or information it considers inadmissible; or (d) use its own documents or information, which may or may not have been designated by a party as "Confidential" or "Confidential For Attorney's Eyes Only," in any manner without consent of the opposing party or Court.

15. The Parties and their counsel shall maintain all Confidential Material in a secure manner so as to avoid disclosure of its contents.

16. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" or "Confidential For Attorney's Eyes Only" designation in connection with any motions or the trial of this Action.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of the Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.

18. The inadvertent, unintentional or in camera disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality.

**CLAWBACK PROVISION**

The Parties hereby **AGREE**, and the Court hereby **ORDERS**, as follows:

19. The disclosure or production of documents, data and other information ("Documents") by a party producing such Documents (the "Producing Party") subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a party receiving the Documents (the "Receiving Party"), shall in no way constitute the voluntary disclosure of such Document.

20. The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

21. If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    (a) the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

    (b) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the

Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

22. If, during the course of this litigation, a Party determines it has produced a Protected Document:

(a) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the

                Producing Party believes is subject to a claim of privilege or other protection.

    (b)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

23.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 17(b) and 18(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

24.    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    (a)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (b)    the disclosure of the Protected Documents was not inadvertent;

(c) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(d) the Producing Party failed to take reasonable or timely steps to rectify the error.

25. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

26. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

27. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

28. Once executed by all parties, the Order shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

Dated:  March 10, 2023

                                    **LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, New York 10022.4834
(212) 583-9600


By:     /s/
          Jean L. Schmidt
          Melissa Friedland
Attorneys for Defendants Montefiore Medical
Center and Matthias Eikermann

**COREY STARK PLLC**
110 East 50th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

By:     /s/
          Corey Stark
Attorneys for Plaintiff Sheldon Goldstein


**SO ORDERED:**

_[signature]_
Hon. Analisa Torres

Dated:  March 13, 2023
          New York, New York