UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELDON GOLDSTEIN,

                         Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER, et al.,

                         Defendants.

CIVIL ACTION NO.: 22 Civ. 6723 (AT) (RFT)

**ORDER**

    Plaintiff requests that Defendant Matthias Eikermann be required to appear for an additional two hours of deposition, and that Defendants be required to produce "information about [Plaintiff's] comparators." (ECF 35, Plaintiff's Letter at 1.) Defendants respond that Plaintiff wasted time at Dr. Eikermann's deposition, and that Dr. Eikermann substantively responded to Plaintiff's questions about comparators to the extent that he had personal knowledge. (ECF 38, Defendants' Letter at 2-4.) I have reviewed the submissions of the parties, including excerpts from Dr. Eikermann's deposition transcript, and I have heard argument from counsel.

    It is not unreasonable for Plaintiff to request that Dr. Eikermann, a named defendant in this action, sit for an additional two hours of deposition testimony, particularly since Dr. Eikermann declined to respond to appropriate questions by Plaintiff's counsel about comparators. Nor is it unreasonable for Plaintiff to demand production of the employment record of any anesthesiologist at the hospital who received an accommodation for a disability – whether as a result of a formal or an informal request – between January 1, 2021 and the

1

present. Of course, those records may (and should) be produced in redacted form to conceal the names and health conditions of any such anesthesiologists. But courts in this District have recognized that plaintiffs alleging disability discrimination are entitled to document production and other discovery about comparators. *See, e.g., Yoo v. Actimize, Inc.*, No. 12-CV-8108 (VSB), 2014 WL 1087974, at *1 (S.D.N.Y. Mar. 19, 2014) (overruling objections to report and recommendation granting limited discovery about reasonable accommodation requests for mental health disabilities and noting that "courts generally apply more liberal discovery rules in employment discrimination cases" and that "comparator evidence is important to making out a claim of discrimination") (citing *Chen-Oster v. Goldman, Sachs & Co.,* 293 F.R.D. 557, 562 (S.D.N.Y. 2013) and *E.E.O.C. v. Bloomberg L.P.,* No. 07-CV-8383 (LAP), 2013 WL 4799161, at *28 (S.D.N.Y. Sept. 9, 2013)).

Accordingly, it is ORDERED that (1) Defendants shall produce, by February 15, 2024, redacted copies of the employment records covering the period between January 1, 2021 and the present, for any anesthesiologist working at Defendant Montefiore Medical Center ("Montefiore") who received a disability-related accommodation during that period (whether as the result of a formal or informal request for such accommodation); and (2) Dr. Eikermann shall appear, on or before February 26, 2024, for an additional two hours of deposition, during which time he may be questioned about his personal knowledge of (a) the nature of any disability-related accommodations received between January 1, 2021 and the present by an anesthesiologist working at Montefiore, (b) the category of disability experienced by any anesthesiologist working at Montefiore who received such an accommodation, and (c) the performance reviews and/or evaluations, whether formal or informal, for the period between

January 1, 2021 and the present of any anesthesiologist working at Montefiore who received such an accommodation.

Each party is to bear its own fees and costs.

The Clerk of Court is respectfully requested to terminate ECF 35.

Dated: February 1, 2024
New York, New York

So Ordered.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**